UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY LYNN EADY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No: 1:16-cv-588

HON. JANET T. NEFF

## OPINION

Before the Court is Aubrey Lynn Eady's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 1). Also before the Court is Movant's motion to adjourn these proceedings (ECF No. 17). Both motions will be denied.

### I. Background

In 2002, a jury found Movant guilty of bank robbery, in violation of 18 U.S.C. § 2113(a) and (f). At sentencing, the Court determined that his range of sentence under the Sentencing Guidelines is 210 to 240 months, after concluding that he is a career offender under § 4B1.1 of the Guidelines. The career-offender provision applies to a defendant who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Court found that Movant had two prior felony convictions for a crime of violence: a conviction for armed robbery in 1981, in violation of Mich. Comp. Laws § 750.529; and a conviction for unarmed robbery in 1991, in violation of Mich. Comp. Laws § 750.530. In January 2003, the Court imposed a sentence of 210 months.

This is Movant's second motion to correct his sentence under § 2255. He claims that his sentence is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), which held that the "residual clause" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. *Johnson II*, 135 S. Ct. at 2557. Like the definition of violent felony in the ACCA, the definition of crime of violence in the 2003 version of the Guidelines had a residual clause.[1] Crime of violence was defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (2003) (emphasis added). The italicized text in the definition above is the residual clause. The clause in subsection (1) is known as the "elements" clause, and the remaining portion of subsection (2) is known as the "enumerated offenses" clause. Movant asserts that his prior convictions for armed robbery and unarmed robbery are crimes of violence only under the residual clause, and that the residual clause is unconstitutionally vague in light of *Johnson II*.

After Movant filed this action, the Court transferred it to the Court of Appeals for an order authorizing this Court to consider his motion because it is second or successive. In September 2016, the Court of Appeals granted authorization to proceed and remanded the case to this Court. The Court of Appeals also directed this Court to hold the action in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), because that decision would

---

[1]The residual clause is not part of the current version of the Guidelines.

presumably resolve whether or not *Johnson II* applies to the Guidelines. The Court appointed counsel for Movant and stayed the case pending a decision in *Beckles*. In March 2017, the Supreme Court held that *Johnson II* does not apply to the "advisory Sentencing Guidelines." *Beckles*, 137 S. Ct. at 897.

In a supplemental brief filed in support of his motion, Movant argues that *Beckles* does not resolve his claim under *Johnson II* because he was sentenced before *Booker v. United States*, 543 U.S. 220 (2005), at a time when the Guidelines were viewed as mandatory rather than advisory. *See id.* at 258-59 (nullifying the statutory provisions that made the Guidelines mandatory). In contrast, the petitioner in *Beckles* was sentenced after *Booker*, and the Supreme Court's decision in *Beckles* was based in part on the advisory nature of the Sentencing Guidelines. *See Beckles*, 137 S. Ct. at 894.

Respondent filed a response arguing that *Johnson II* does not apply to pre-*Booker* sentences, that Movant's claim is untimely and procedurally defaulted, and that Movant's claim is meritless because his prior convictions qualify as crimes of violence even without the residual clause. After receiving this response, the Court ordered Movant to file a reply. He did not file one. Instead, he filed a motion to adjourn these proceedings because the question of whether *Johnson II* applies to a *pre-Booker* sentence has not been resolved, and the Court of Appeals is likely to address it in one of its pending cases. Movant did not respond to any of Respondent's other arguments, including those regarding timeliness, procedural default, or the fact that his predicate convictions would qualify as crimes of violence even if *Johnson II* applies to the pre-*Booker* guidelines. The Court agrees with Respondent that Movant is a career offender even without the residual clause in the

3

Guidelines. Thus, Movant's motion for relief is without merit. In addition, the Court agrees that the motion is barred by the statute of limitations.

## II. Analysis

**A. Movant is a career offender even without the residual clause.**

Respondent argues that *Johnson II* has no impact on Movant's sentence because his prior convictions fall under the elements clause in § 4B1.2–that is, they have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2003). To determine whether this is so, the Court applies the "categorical" approach, "looking to the statutory definition[s] of the offense[s] and not the particular facts underlying the conviction[s]." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012) (citations omitted). This Court is bound by the state supreme court's interpretation of state law. *Johnson v. United States*, 559 U.S. 133, 138 (2010) ("*Johnson I*").

In *Johnson I*, the Supreme Court clarified that "physical force" in the elements clause of the ACCA means "*violent* force–that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. Although the "slightest offensive touching" may be sufficient force for battery under common law, it is not sufficient to constitute physical force under the ACCA.[2] *Id.* at 140-42.

### 1. Unarmed Robbery

At the time of Movant's offense in 1991, Michigan's unarmed robbery statute provided:

> Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any

---

[2]Movant was not sentenced under the ACCA, but determining "[w]hether a conviction is a 'violent felony' under [the ACCA] is analyzed the same way as whether a conviction is a 'crime of violence' under USSG § 4B1.2." *United States v. Perry*, 703 F.3d 906, 910 (6th Cir. 2013).

4

> money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years.

Mich. Comp. Laws § 750.530 (P.A. 1931, No. 328 § 530). This "offense can be accomplished either by force and violence, or by assault, or putting in fear." *People v. Gardner*, 265 N.W.2d 1, 5 (Mich. 1978).

The Courts of Appeal for the Sixth, Seventh, and Eighth Circuits have all concluded that a conviction for unarmed robbery under this statute constitutes a violent felony under the elements clause. *United States v. Mathews*, No. 15-2298, 2017 WL 1857265, at *5 (6th Cir. May 8, 2017); *United States v. Lamb*, 638 F. App'x 575 (8th Cir. 2016), *vacated on other grounds*, 137 S. Ct. 494 (2016), *relevant portion of opinion reinstated*, 847 F.3d 928, 930 (8th Cir. 2017); *United States v. Tirrell*, 120 F.3d 670, 680 (7th Cir. 1997).

In *Mathews*, for instance, the Sixth Circuit noted the discussion of the unarmed robbery statute in *People v. Randolph*, 648 N.W.2d 164 (Mich. 2002) and *People v. Kruper*, 64 N.W.2d 629 (Mich. 1954). According to the Michigan Supreme Court, the unarmed robbery statute is derived from common law. *Randolph*, 648 N.W.2d at 167. Robbery at common law, as distinguished from larceny, involves "taking the property of another in his presence and against his will, by putting him *in fear of immediate personal injury*[.]" *Id.* at 167 n.6 (emphasis added). The statute "excludes a nonforceful taking[.]" *Id.* at 168. "Whenever the elements of force or putting in fear enter into the taking, and that is the cause which induces the party to part with his property, such taking is robbery. *This is true regardless of how slight the act of force or the cause creating fear may be, provided, in the light of the circumstances, the party robbed has a reasonable belief that he may suffer injury*

5

*unless he complies with the demand.*" *Kruper*, 648 N.W.2d at 632 (emphasis added). Thus, although unarmed robbery can be accomplished by "putting [the victim] in fear," the Michigan Supreme Court has interpreted this to require a threat that is sufficient to put one in fear of physical injury. *Mathews*, 2017 WL 1857265, at *4. Such a threat satisfies the "physical force" requirement in *Johnson I*. The Eighth Circuit reached the same conclusion in *Lamb*. *See Lamb*, 638 F. App'x at 577 ("The term, 'assault or putting in fear,' as construed by the Supreme Court of Michigan, is clearly limited to conduct that accomplishes a forceful taking (or attempted taking) by using violence or the threat of violence to put the victim in fear of 'immediate personal injury.'" (quoting *Randolph*, 648 N.W.2d at 167-68 & n.6)). Although these decisions are not binding, they are persuasive.

Thus, like the Courts of Appeal for the Sixth, Seventh, and Eighth Circuits, this Court concludes that a conviction for unarmed robbery is a crime of violence under the elements clause. *Johnson II* did not invalidate the elements clause in the ACCA or the Guidelines. Consequently, Movant's conviction for unarmed robbery qualifies as a crime of violence even if *Johnson II* applies to the mandatory Sentencing Guidelines.

### 2. Armed Robbery

At the time of Movant's armed robbery offense in 1981, Michigan's armed robbery statute provided:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall not be less than 2 years' imprisonment in the state prison.

Mich. Comp. Laws § 750.529 (P.A. 1931, No. 328 § 529, amended by P.A. 1959, No. 71). The "essential elements" of this offense are: "One, an assault by the defendant upon the complainant; two, a felonious taking of any property which may be the subject of a larceny from the complainant's person or in his presence; and three, that the defendant was armed with a dangerous weapon." *People v. Clark*, 317 N.W.2d 664, 665 (Mich. Ct. App. 1982). "[U]narmed robbery is a necessarily included lesser offense of armed robbery." *People v. Allen*, 265 N.W.2d 47, 49 (Mich. Ct. App. 1978); *accord People v. Reese*, 647 N.W.2d 498, 501 (Mich. 2002). In other words, "[i]f there is evidence to allow the case to go to the jury on the higher armed robbery offense, there must necessarily be evidence adduced at trial to support a charge of unarmed robbery." *People v. Chamblis*, 236 N.W.2d 473 (Mich. 1975).

If unarmed robbery is a crime of violence under the elements clause, and if unarmed robbery is necessarily included in the offense of armed robbery, then armed robbery must also qualify as a crime of violence, because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); *see United States v. Spicer*, No. 15-cr-20162, 2017 WL 3328147, at *3 (E.D. Mich. Aug. 4, 2017) ("Because a conviction for armed robbery inherently requires that the elements of robbery be satisfied, the Sixth Circuit's reasoning in *Matthews* applies."). Therefore, Movant's convictions for armed robbery and unarmed robbery are both crimes of violence under the elements clause. Consequently, *Johnson II* has no impact on Movant's sentence.

### B. Movant's motion is barred by the statute of limitations.

Although *Johnson II*'s applicability to the pre-*Booker* sentencing scheme remains an open question, the Court of Appeals recently concluded that a claim relying on *Johnson II* to challenge

7

a pre-*Booker* sentence is barred by the statute of limitations. *Raybon v. United States*, No. 16-2522, — F.3d —, 2017 WL 3470389, at *3 (6th Cir. Aug. 14, 2017). The reasoning in *Raybon* applies with equal force to this case.

28 U.S.C. § 2255(f) provides several possible dates for calculating the start of the one-year limitation period. Movant cannot rely on the date in 28 U.S.C. § 2255(f)(1) because he filed this action in 2016, almost twelve years after his judgment of conviction became final.[3]

Second, Movant does not claim that there was an impediment to making a motion, so he cannot rely on the date in § 2255(2).

Third, as discussed in *Raybon*, Movant cannot rely on the date in § 2255(f)(3), the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). The Supreme Court has not recognized a new "Constitutional right not to be sentenced as a career offender under the residual clause of the mandatory Sentencing Guidelines." *Raybon*, 2017 WL 3470389, at *3 (citation and quotation marks omitted). Thus, § 2255(f)(3) does not apply. *Id.*

Fourth, the facts supporting Movant's claim that the residual clause in the Sentencing Guidelines is unconstitutionally vague were available to him when he was sentenced. Thus, § 2255(f)(4) does not apply because he cannot claim that these facts were newly discovered.

Finally, Movant does not allege any basis for equitable tolling or actual innocence. Therefore, his motion is untimely.

---

[3]The Court of Appeals affirmed his judgment of conviction on May 20, 2004. He had 90 days to file a petition for a writ of certiorari to the Supreme Court. He did not do so, so his judgment of conviction became final on August 18, 2004.

## III. Conclusion

In short, because Movant has two prior convictions that qualify as crimes of violence under the elements clause in § 4B1.2 of the Sentencing Guidelines, *Johnson II* has no impact on his sentence. Accordingly, his motion under § 2255 is without merit. In addition, it is barred by the statute of limitations. Because the motion is meritless and time-barred for reasons that have nothing to do with *Johnson II*, it is not necessary to adjourn these proceedings to await further guidance from the Court of Appeals as to whether *Johnson II* applies to the pre-*Booker* mandatory sentencing scheme. Consequently, the motion to adjourn the proceedings will also be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find this Court's assessment and disposition of Movant's claim debatable or wrong. Consequently, the Court will deny a certificate of appealability.

The Court will enter an order and judgment in accordance with this Opinion.

Dated: August 17, 2017            /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge

9